## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: ROSETTA GENOMICS, INC.,  : Chapter 7

      Debtor.    : Bankr. No. 18-11316 (LSS)

             :

_____ :

DON A. BESKRONE, as Chapter 7 Trustee for Rosetta :
Genomics, Inc.,         : Adv. Proc. No. 23-50336 (LSS)

             :

      Plaintiff,   :
    v.        : Misc. No. 25-344 (GBW)

             :

KENNETH A. BERLIN, RON KALFUS,   :
and BRIAN MARKISON,     :

             :

      Defendants.  :

## MEMORANDUM

### I. INTRODUCTION

Before the Court is a motion (D.I. 1) (the "Motion for Leave") by defendants Kenneth A.

Berlin, Ron Kalfus, and Brian Markison ("Defendants") to appeal the Bankruptcy Court's

interlocutory order (Adv. D.I. 33)[1] (the "Order"), which denied, in part,[2] their motion to dismiss an

adversary proceeding brought by the Chapter 7 Trustee ("Plaintiff"), for reasons set forth in the

Bankruptcy Court's accompanying memorandum, *Beskrone v. Berlin (In re Rosetta Genomics,*

*Inc.)*, 2025 WL 1942378 (Bankr. D. Del. July 14, 2025) (Adv. D.I. 32) (the "Opinion"). Relevant

to the Motion for Leave, Defendants sought dismissal of the complaint pursuant to Federal Rule of

---

[1] The docket of the adversary proceeding, captioned *Beskrone v. Berlin, et al.,* Adv. No. 23-50336 (LSS) (the "Adversary Proceeding"), is cited herein as "Adv. D.I. __," and the docket of the chapter 7 case, captioned *In re Rosetta Genomics, Inc.*, No. 18-11316 (LSS), is cited herein as "Bankr. D. Del. __."

[2] The Bankruptcy Court granted Defendants' motion to dismiss Count I solely as to the claims against Defendants Berlin and Kalfus which were assigned by creditor Sabby Healthcare Master Fund, Ltd. and Sabby Volatility Warrant Master Fund, Ltd. (collectively, "Sabby"). The Bankruptcy Court denied the Defendants' motion to dismiss with respect to all remaining counts.

Civil Procedure 12(b)(6). Defendants assert that, to the extent that the Bankruptcy Court denied its motion to dismiss, it applied the wrong pleading standard, and that it further incorrectly evaluated Plaintiff's standing to assert certain claims. Defendants' arguments, which strip the Bankruptcy Court's statements of their context and rely on misinterpretations of well settled case law, do not support interlocutory appeal for any of the issues they have cited. Accordingly, the Motion for Leave will be denied.

## II.    BACKGROUND

By way of general background, and as set forth in the Opinion, the following facts are taken from the Complaint. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Rosetta Genomics, Inc. ("Debtor") was a Delaware corporation with its principal place of business in Pennsylvania. Rosetta Genomics, Ltd. ("Parent") was an Israeli company that formed Debtor as a wholly owned subsidiary to commercialize and expand its business in the United States. Defendants in this action are former directors and officers of Debtor and Parent. Berlin served as the CEO of Parent and as the sole director of Debtor. Kalfus served as the CFO of both Parent and Debtor. Markison served as the Chairman of Parent's board of directors. Each Defendant is a citizen of New Jersey. Parent developed and commercialized new diagnostic tests based on various genomics markers. Debtor commercialized Parent's products and performed tests in its laboratories to expand Parent's business in the United States.

On or around May 29, 2018, non-party Genoptix, Inc. terminated a merger transaction, pursuant to which it would have acquired both Parent and Debtor, after discovering accounting irregularities that are alleged to have been known to Defendants no later than mid-June 2017.

On May 31, 2018, the Debtor filed for relief under chapter 7. A meeting of creditors was held on July 18, 2018, after which Plaintiff became the permanent trustee for Debtor pursuant to 11 U.S.C. § 702(d). Also on May 31, 2018, Parent commenced liquidation proceedings in Israel,

1

pursuant to which an Israeli Liquidator was appointed. In early February 2022, both the Bankruptcy Court and the Israeli court approved an agreement by which Parent's direct claims against Defendants were assigned to Plaintiff. (Bankr. D.I. 157.)

On April 14, 2023, Plaintiff filed the Complaint for Damages (Adv. D.I. 1) ("Complaint") initiating the Adversary Proceeding. The Complaint asserts claims for breach of fiduciary duty, gross negligence, fraud, and negligent misrepresentation. Defendants moved to dismiss on multiple grounds including: (i) lack of subject matter jurisdiction, (ii) lack of personal jurisdiction, (iii) *forum non conveniens*, (iv) statute of limitations, and (v) failure to state a claim. (*See* Adv. D.I. 23, 24.) On July 14, 2025, the Bankruptcy Court issued its Opinion and Order, which granted in part[3] and denied in part Defendants' motion to dismiss. The Motion for Leave was filed on August 19, 2025. The Motion for Leave is fully briefed. (D.I. 1, 2, 4, 7.) No party requested oral argument.

## III.    JURISDICTION AND APPLICABLE STANDARDS

Appeals from interlocutory orders of the bankruptcy court are "the exception, not the rule." *In re Essar Steel Minnesota LLC*, 667 B.R. 803, 811 (D. Del. 2025). "Typically, [] district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *Id.* (citing *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011)). Section 1292(b) permits appeal from an interlocutory order only where the movant establishes that the issue to be appealed:

1.    involves a controlling question of law upon which there is

2.    substantial grounds for a difference of opinion as to its correctness; and

---

[3] The Bankruptcy Court granted Defendants' motion to dismiss Count I solely as to the claims against Defendants which were assigned by creditors Sabby Healthcare Master Fund, Ltd. and Sabby Volatility Warrant Master Fund, Ltd. (referred to in the Opinion and Order as "Sabby") to the Plaintiff. The Bankruptcy Court denied the motion to dismiss as to all remaining counts.

2

3.    if appealed immediately, would materially advance the ultimate termination of the litigation.

*See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974); *see also Official Comm. Of Asbestos Personal Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 162 (Bankr. D. Del. 2002).

As to the first factor, "[a] controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. "'[C]ontrolling' means serious to the conduct of the litigation, either practically or legally. And on the practical level, saving of time of the district court and of expense to the litigants [has been] deemed . . . to be a highly relevant factor." *In re Boy Scouts of Am.*, 2021 WL 1174573, * 4 (D. Del. Mar. 29, 2021) (quoting *Katz*, 496 F.2d at 755 (citations omitted)). Courts have cautioned that a controlling question of law must be one "that the reviewing court could decide quickly and cleanly without having to study the record." *In re Cross Media Mktg. Corp.*, 2007 WL 2743577, at *2 (S.D.N.Y. Sept. 19, 2007) (internal citations omitted).

As to the second factor, "[t]he 'controlling question of law' also must be one as to which there is 'substantial ground for difference of opinion.'" *In re Boy Scouts of Am.*, 2021 WL 1174573 at *4 (citing 28 U.S.C. § 1292(b)). "This calls for more than mere disagreement with the ruling of the bankruptcy court." *Id.* "To satisfy this standard, 'the difference of opinion must arise out of genuine doubt as to the correct legal standard.'" *Id.* (quoting *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998)).

As to the third factor, "courts place particular weight on whether immediate appeal will materially advance the ultimate termination of the litigation." *In re Paragon Offshore PLC*, 2020 WL 1815550, at *3 (D. Del. Apr. 9, 2020) (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014)). An interlocutory appeal "materially advances"

3

the ultimate termination of the litigation if it would "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994).

"Moreover, entertaining an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal establishes that exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re AE Liquidation, Inc.*, 451 B.R. at 346 (internal quotation and citation omitted).

"The burden is on the movant to demonstrate that all requirements are met." *United States v. Aion Mgmt., LLC,* 2025 WL 1770791 at *3 (D. Del. June 26, 2025). "Ultimately, however, the decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification." *Id.* (internal quotation and citation omitted). "In addition to the statutory grounds, the court may exercise its discretion to deny leave for 'entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue.'" *In re THG Holdings LLC*, 2020 WL 1493622 at *6 (D. Del. 2019) (quoting *Katz*,496 F.2d at 754).

## IV.    INTERLOCUTORY APPEAL IS NOT WARRANTED

Defendants seek leave to immediate appeal of the interlocutory Order with respect to two "issues:"

> The two issues to be appealed from are the proper pleading standard
> to be applied, and standing, both of which are "gatekeeping" issues
> of exceptional importance that justify a departure from the basic
> policy of postponing review until after the entry of final judgment.

(D.I. 2 at 1.)

### A.    Issues Raised with Respect to the Bankruptcy Court's Application of the Pleading Standard Are Not Controlling Issues of Law as to Which There Is Substantial Ground for Difference of Opinion

4

### 1.    Purported Application of a "Pre-*Twombly/Iqbal* Pleading Standard"

As to the issue of "the proper pleading standard to be applied," Defendants assert that:

> The Bankruptcy Court applied the pre-*Twombly/Iqbal* pleading standard of *Stanziale v. Nachtomi (In re Tower Air, Inc.),* 416 F.3d 229, 238 (3d Cir. 2005), and found that conclusory factual allegations were sufficient for "notice pleading" under Fed. R. Civ. P. 8 (D.I. 32 at 24). Thus, the pleading standard being applied in this case is different from that being applied by other judges in the Bankruptcy Court.

(D.I. 2 at 12.) Defendants argue that whether the Bankruptcy Court wrongly applied the pleading standard is a dispositive question "with significant and far-reaching implications" as the "decision will not only needlessly prolong this litigation," it "has the effect of undoing decades of established precedent of the United States Supreme Court and the Third Circuit." (*Id.* at 11.) Defendants' contention—that the Bankruptcy Court incorrectly relied upon the "pre-*Twombly/Iqbal* pleading standard of [] *In re Tower Air*" and found that "conclusory factual allegations were sufficient for notice pleading," creating a doubt as to the correct legal standard—is belied by the Opinion and further fails on any number of bases.

As set forth in the Opinion, before carefully addressing Defendants' motion to dismiss on a count by count basis, the Bankruptcy Court explained, "[g]enerally speaking, notice pleading is the standard for complaints filed in Federal court." *In re Rosetta,* 2025 WL 1942378, at \*11. Accordingly, the Bankruptcy Court explained, the Delaware Chancery Court decisions cited by Defendants in support of dismissal were "inapposite." *See id.* The Bankruptcy Court cited *Tower Air,* which explains the difference between Federal Rule of Civil Procedure 8 and Chancery Court Rule 8. *Id.,* n.80. With respect to breach of fiduciary duty claims, Defendants argued they were protected by an exculpation provision in the Debtor's charter. "The existence of an exculpation provision is irrelevant," the Bankruptcy Court explained, "because an exculpatory provision is an affirmative defense not properly considered at the motion to dismiss stage unless Plaintiff alleges

5

the business judgment rule in his complaint." *Id.* at *12.  With respect to Defendants' argument that the business judgment rule protects their acts, the Bankruptcy Court repeated that the "business judgment rule is a defense to a plaintiff's allegations so it is not properly considered on a motion to dismiss." *Id.*

Defendants argue that the Bankruptcy Court applied the pleading standard set forth in *Tower Air*, despite the fact that it was decided prior to the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). According to Defendants, *Twombly* and *Iqbal* "reviewed the notice pleading standard of Rule 8 and, contrary to the holdings of *Tower Air, Inc.*, ... held that it was appropriate to review a complaint's factual support on a motion to dismiss." (D.I. 2 at 20.)  Defendants represent that "[c]ourts in the Third Circuit no longer use the pleading standard set forth in *Tower Air*." According to Defendants, in order to survive a motion to dismiss under Third Circuit law, any "complaint seeking to state a claim for breach of fiduciary duty must plead facts to overcome the business judgment rule"—including "facts, as distinct from generalized conclusions, which if proved would overcome the presumption of good faith"—regardless of whether the business judgment rule appears on the face of the complaint.  This is because, according to Defendants, "in cases alleging a breach of fiduciary duty, where the claim cannot substantively proceed without overcoming the presumption of the business judgment rule, ***the affirmative defense is deemed to be apparent on the face of the complaint***, and thus, it is appropriate to review the affirmative defense on a motion to dismiss. (D.I. 2 at 2-3) (emphasis added).[4]  Oddly, Defendants cite only *In*

---

[4] Defendants' briefs in support of their motion to dismiss argued that the Bankruptcy Court "should hold Plaintiff to a higher burden." (Adv. D.I. 24 at 24; *see also id.* at 13-15, 17, 22-23; Adv. D.I. 27 at 7-8 (same or similar arguments).)  Defendants allude to the same arguments in their Motion for Leave. (*See, e.g.,* D.I. 2 at 13 ("Plaintiff possesses a breadth and depth of pre-suit discovery ... Even so, there appear to be only six or seven documents upon which he thinly 'relies,' none of which are quoted from in any substantial manner or attached to the Complaint.")

*re Tower Air* for the latter contention. (*See id.* (citing *In re Tower Air*, 416 F.3d at 238).)

First, the Court finds no support in the Opinion for Defendants' contention that the Bankruptcy Court applied a "pre-*Twombly/Iqbal* pleading standard." (*See* D.I. 2 at 12.) The Opinion cites *Tower Air* for the unremarkable propositions that "[g]enerally speaking, notice pleading is the standard for complaints filed in Federal court" and "the cases Defendants cite that are based on Chancery Court decisions are therefore inapposite," *see In re Rosetta,* 2025 WL 1942378, at *12, and it did so in the context of Defendants' briefing, which "devot[ed] five pages to a discussion of the documents they believe are in Plaintiff's possession and what they believe those documents show." *Id.* at *11. Indeed, Defendants argued repeatedly in support of dismissal that "the burden imposed on derivative plaintiffs and trustees, who have a greater level of access when drafting complaints, is higher." (Adv. D.I. 27 at 8 (citing a Delaware Chancery Court decision in support); *see also* Adv. D.I. 24 at 13-15, 17, 22-23 (asserting same or similar arguments).) As the Bankruptcy Court explained, "[w]hile that might be appropriate in the summary judgment context (where Defendants could append those documents to an affidavit so that they could be considered by the court), they do not bear on a motion to dismiss." *In re Rosetta,* 2025 WL 1942378, at *11 (*citing In re Tower Air*, 416 F.3d at 238 (reiterating "a plaintiff will not be thrown out of court on a Rule 12(b)(6) motion for lack of detailed facts" and explaining "where, as here, a defendant's motion to dismiss articulates the plaintiff's claims that supposedly lack factual support" dismissal is not appropriate; "[t]o hold otherwise would be effectively to transform Rule 12(b)(6) motions into multipurpose summary judgment vehicles. That we will not do.") In sum, the Bankruptcy Court did not cite *Tower Air* for its broader enunciation of the notice pleading standard, as Defendants repeatedly argue here.

Second, *Tower Air* did not hold that Rule 8 requires no facts to state a claim but rather that it does not require facts to be pled with the same specificity and detail required under Delaware

7

state law. *See In re Tower Air*, 416 F.3d at 237 ("The District Court erred by assuming that Delaware's notice pleading cases are interchangeable with federal notice pleading cases. They are not. By requiring Stanziale to allege specific facts, the District Court erroneously preempted discovery on certain claims by imposing a heightened pleading standard not required by Federal Rule of Civil Procedure 8") (footnotes omitted).

Third, *Iqbal* neither abandoned the federal notice pleading standard nor imposed requirements of particularity, specificity, or detailed factual allegations that Defendants assert was required here. (*See* Adv. D.I. 24 at 23-25 ("the Complaint is devoid of specific factual allegations and supporting documents.") *See, e.g., Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265 (3d Cir. 2021) (explaining pleading standard under *Twombly* and *Iqbal*). Nor did *Iqbal* impose a "higher burden" on a bankruptcy trustee to plead "evidentiary support," and file all available "documentary evidence," at the risk of an adverse "inference that the alleged misconduct did not, in fact, occur," as Defendants argued in support of dismissal. (*See* Adv. D.I. 24 at 15-17 & n.10.) *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" and "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Fourth, Defendants' argument that *Tower Air* is somehow no longer good law is unsupported. Indeed, the Third Circuit recently cited *Tower Air* for "the pleading standard" at issue there:

> [T]he [district] court dismissed [plaintiff's ADEA claim] because "the Complaint does not elaborate on the factual basis of the ADEA claim with specificity as required by Rule 8." But Rule 8 does not require factual pleading "with specificity." *See In re Tower Air, Inc.*, 416 F.3d 229, 236 (3d Cir. 2005) (explaining that "to require pleading facts with specificity ... is not the federal notice pleading standard"). Instead, Rule 8 requires only enough facts to state a

8

> plausible claim. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265, 267 (3d Cir. 2021). The court acknowledged that standard earlier in its opinion, but it did not address whether or how this claim fell short of that standard. Nor did it otherwise identify any specific deficiency on this claim.

*Karupaiyan v. Wipro Ltd.*, 2025 WL 89076 at *2 (3d Cir. 2025) (citations to record omitted).

Finally, the notice pleadings standard applied by the Bankruptcy Court is the same standard that the Third Circuit applied in *SRC Liquidation*, the lone case Defendants purport to rely upon. (*See* D.I. 2 at 19-20 (citing *EiserAmper, LLC v. Morgan (In re SRC Liquidation, LLC)*, 765 F. App'x 726, 729 (3d Cir. 2019).) As the Third Circuit explained in *SRC Liquidation*:

> Of course, "detailed pleading is not generally required" at the motion-to-dismiss stage. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Nevertheless, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Such facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "A complaint may be dismissed under Rule 12(b)(6) where an unanswered affirmative defense appears on its face." *In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005).

*In re SRC Liquidation*, 765 F. App'x at 728.

In sum, Defendants' purported issue requiring immediate appeal rests on a misapplication of law that did not occur. The Bankruptcy Court applied the correct pleading standard, and its decision raises no doubt as to the correct legal standard.

### 2.    Purported Misapplication of the Business Judgment Rule

Defendants argue the Bankruptcy Court's failure to consider their affirmative defenses at the motion to dismiss stage was inconsistent with Third Circuit law and presents a controlling issue of law requiring immediate appeal. (*See* D.I. 2 at 22-23.) According to Defendants, the Third Circuit has repeatedly held that, in order to survive a motion to dismiss, any complaint

9

seeking to state a claim for breach of fiduciary duty must plead facts to overcome the business judgment rule. In support, Defendants cite *In re SRC Liquidation*, 765 F. App'x at 729; *In re Tower Air*, 416 F.3d at 238; and *Schmidt v. Skolas*, 706 F. App'x 68, 74 (3d Cir. 2017). (*See id.*)

In addressing Defendants' arguments that they are protected by an exculpatory provision and the business judgment rule, the Bankruptcy Court explained that these are affirmative defenses not properly considered on a motion to dismiss "unless Plaintiff alleges the business judgment rule in his complaint"—which Plaintiff did not do here. *In re Rosetta*, 2025 WL 1942378, at *12 n. 82 & 84 (citing *Tower Air*, 416 F.3d at 242; and *Carickoff v. Cantor (In re Live Well Fin., Inc.)*, 2023 WL 4025816, at *3 n.19 (Bankr. D. Del. June 14, 2023) (collecting cases)). The Bankruptcy Court correctly stated the standard under Third Circuit law. As set forth in *Tower Air*,

> Generally speaking, **we will not rely on an affirmative defense such as the business judgment rule to trigger dismissal** of a complaint under Rule 12(b)(6). A complaint may be dismissed under Rule 12(b)(6) where **an unanswered affirmative defense appears on its face,** however. Stanziale's Amended Complaint **declares that the business judgment rule does not vitiate any of his claims**. He thus must plead that he overcomes the presumption created by that rule—that Tower Air's directors and officers acted in good faith and on an informed basis.

*Tower Air*, 416 F.3d at 238 (internal citation omitted) (emphasis added). Defendants point to nowhere in the Complaint at issue here where Plaintiff alleges the business judgment rule. As the affirmative defense does not appear on the face of the Complaint, Plaintiff was not required to plead that he overcomes this rule, and the Bankruptcy Court was not required to consider Defendants' affirmative defenses in ruling on their motion to dismiss.

Not to be dissuaded, Defendants represent to this Court that, under Third Circuit law, the business judgment rule "is *deemed to be apparent on the face of a complaint*" in cases alleging a breach of fiduciary duty, "where the claim cannot substantively proceed without overcoming the presumption of the business judgment rule," and thus the Bankruptcy Court was required to

10

review Defendants' affirmative defenses. (D.I. 2 at 19.) In support of this proposition,

Defendants cite only *Tower Air*. This is not a good faith reading of *Tower Air*. Neither *Schmidt*[5]

nor *SRC Liquidation*[6] provide any support for Defendants' interpretation. Since there is no doubt

as to the correct legal standard, which was applied by the Bankruptcy Court here, immediate

appeal with respect to this issue is unwarranted.

---

[5] As the court in *Schmidt* explained:

> While the business judgment rule is an affirmative defense that cannot generally form the basis of a Rule 12(b)(6) dismissal, **it can be considered in evaluating a motion to dismiss if the unanswered affirmative defense appears on the face of the complaint.** *In re Tower Air, Inc.,* 416 F.3d 229, 238 (3d Cir. 2005). As in *Tower Air*, the [second amended **complaint**] **states that the business judgment rule does not negate Plaintiff's claims,** and therefore Plaintiff must plead around the rule. *See id.*; (Second Am. Compl. ¶ 226 ("The actions and decisions of the Director and Officer Defendants are not protected by the business judgment rule....").)

*Schmidt v. Skolas,* 2015 WL 6955440 at *5 (E.D. Pa. 2015), *aff'd in pertinent part, vacated in other part, remanded,* 706 F. App'x 68 (3d Cir. 2017) (emphasis added).

[6] Unlike this case, there was no argument in *SRC Liquidation* as to whether the business judgment rule appeared on the face of the complaint. *See In re SRC Liquidation LLC*, Adv. 15-50771-BLS, Adv. D.I. 39 at 9 & n.5 (plaintiff trustee arguing that his amended complaint "rebut[ted] the business judgment presumption with well-pleaded factual allegations," including "facts to demonstrate that the Defendants acted recklessly and that certain of the Defendants acted out of self-interest.")

The Bankruptcy Court dismissed the fiduciary duty claim because the complaint offered only "unsupported assertions" and "generalized conclusions." *EiserAmper LLP v. Morgan (In re SRC Liquidation LLC),* 2016 WL 3440555, at *2 (Bankr. D. Del. Mar. 7, 2016). As this Court held, the Bankruptcy Court's dismissal was not based on any application of any "heightened pleading standard." *See EiserAmper LLP v. Morgan (In re SRC Liquidation),* 581 B.R 78, 85-87 (D. Del. 2017) (specifically rejecting this contention).

Finally, the Third Circuit, in reviewing both decisions, did not hold, as Defendants argue (D.I. 2 at 22) "that it is appropriate, when applying the *Twombly/Iqbal* plausibility standard, to recognize that a U.S. Trustee [sic] with access to documentary evidence and discovery is situated in a different context than a typical derivative plaintiff." *See In re SRC Liquidation,* 765 Fed. App'x at 728 (stating only that the plausibility inquiry is a "context-specific task" and not even mentioning "documents," "evidence," "discovery," or "access" to same). This misstatement of the Third Circuit's decision is unacceptable.

### 3.   Purported Remaining Pleading Standard Issues

As to the remaining issues cited by Defendants—that the Bankruptcy Court did not conduct its plausibility review of the Complaint's allegations in a "context-specific" manner, and did not review the Complaint's allegations to determine whether the circumstances constituting fraud were pleaded with particularity as required by Federal Rule of Civil Procedure 9(b)— Defendants make no attempt to show that these are "controlling issues of law" which "arise out of genuine doubt as to the correct legal standard[s]." (*See* D.I. 2 at 22-23.)  At best, Defendants are not challenging the standard the Bankruptcy Court applied but its application of the standard to the facts.  This cannot raise "a controlling question of law" under § 1292(b).  *See In re Essar Steel*, 667 B.R. at 812 (holding that interlocutory review is only appropriate as to a pure question of law, as opposed to a question that requires the application of law to facts); *Liberty Salad, Inc. v. Groundhog Enters., Inc.*, 2019 WL 1303829, at *3 (E.D. Pa. 2019) ("The term 'question of law' does not mean the application of law to fact.  Instead, it is an abstract legal issue or 'pure' question of law—matters that the court of appeals can decide quickly and cleanly without having to study the record.") (internal quotations and citations omitted).  As this Court has explained:

> Judging the sufficiency of a pleading is a context-dependent exercise that does not ordinarily involve a controlling issue of law, as required for certification. In other words, review of a mixed question of law and fact – one that indisputably involves the Court's application of the law to the allegations in the Complaint – is inappropriate for interlocutory appeal.

*Aion Mgmt.*, 2025 WL 1770791 at *4 (internal quotations and citations omitted) (cleaned up); *see also In re Cognizant Tech. Solutions Corp. Secs. Litig.*, 2021 WL 1016111 at *4 (D.N.J. 2021) ("Parsing between the lines, Cognizant does not actually contest the Court's recitation of the various pleading standards.  Instead, Cognizant contests the Court's conclusion that the allegations in the [complaint] were sufficient to meet those standards.  Even reframed as 'misunderstood law,'

12

at the very least, Cognizant seeks review of a mixed question of law and fact—one that indisputably involves the Court's application of the law to the allegations in the [complaint]. Such questions are inappropriate for interlocutory appeal.").

### 2.    Plaintiff's Lack of Standing to Pursue Derivative Claims

As to the second issue for which Defendants seek immediate appeal, Defendants argue:

> The Bankruptcy Court also erred because it allowed the [Plaintiff] to pursue derivative breach of fiduciary claims brought on behalf of Parent against Defendants. The Israeli Liquidator's Claim Assignment, however, did not assign derivative claims—only direct—as acknowledged by the Bankruptcy Court (D.I. 32 at 9).

(D.I. 2 at 12-13.) Defendants' one paragraph argument on this issue does not identify the counts that the Bankruptcy Court "appears" to have allowed to proceed, explain how the scope of a contractual assignment—or the necessarily fact-dependent question of whether the unspecified claims are derivative or direct—could possibly satisfy any element of § 1292(b), explain why Rosetta, Ltd.'s claims were derivative rather direct, or cite any authority on any part of this issue.

### B.    Immediate Appeal Will Not Advance the Ultimate Termination of the Litigation

Defendants make little attempt to establish that immediate appeal will materially advance termination of the litigation. The Third Circuit has recognized this as the single most important requirement of § 1292(b). Defendants merely state:

> An interlocutory appeal "materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." An interlocutory appeal meets each of these standards, as it would resolve all claims against Defendants.

(D.I. 2 at 23-24) (citations omitted). Defendants have not carried their burden. "[O]btaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal and is not an exceptional circumstance that would justify a departure from the basic

policy of postponing appellate review until after the entry of a final judgment." *In re Facebook,* 986 F. Supp. 2d at 531 (cleaned up). Moreover, Defendants do not explain how an immediate appeal of the purported improper application of the pleading standard—even if it succeeded, resulted in a de novo review of the sufficiency of the Complaint by this Court, and resulted in dismissal with prejudice—would "resolve all claims against Defendants," as a comparison of Defendants' briefs establish that at least some claims would survive. If their appeal failed, nothing but delay would have been accomplished.

### C.    Defendants Have Failed to Show Exceptional Circumstances

Defendants must show that that exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment. Defendants describe the "exceptional circumstances" here as the destruction of the federal pleading system:

> Whether the Bankruptcy Court wrongly applied the pleading standard in this case is a dispositive question with significant and far-reaching implications not only for this case but for many others, particularly because the decision has the effect of undoing decades of established precedent of the United States Supreme Court and the Third Circuit. The Bankruptcy Court's decision will not only needlessly prolong this litigation; the lower, improper pleading standard applied therein, ***if widely employed by the courts in the Third Circuit, would flood the courts with meritless litigation.***

(D.I. 2 at 11 (emphasis added).) As discussed, nowhere in its decision does the Bankruptcy Court apply any "pre-*Twombly/Iqbal* pleading standard," nor has the Bankruptcy Court "found that conclusory factual allegations were sufficient for 'notice pleading'"—or that the Plaintiff pled "conclusory factual allegations" in the first place. *See In re Rosetta,* 2025 WL 1942378, at *13 ("[Defendants] argue that Plaintiff's allegations are conclusory… my review of the Complaint differs from Defendants'. Plaintiff's allegations are sufficiently concrete for Defendants to understand the nature of the allegations against them."). The Complaint states numerous factual allegations—many of them expressly founded on documentary evidence—that the Bankruptcy

14

Court reviewed and found sufficient to state a claim.  The Opinion constitutes a routine application of Rule 12(b)(6) to the Plaintiff's 175-paragraph Complaint, and presents no "extraordinary circumstances" warranting the exceptional relief of interlocutory appeal.

## V.    CONCLUSION

For the reasons set forth herein, Defendants have failed to show that immediate appeal is warranted under § 1292(b) and have further failed to show that any "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re AE Liquidation, Inc.*, 451 B.R. at 346.  Accordingly, the Motion for Leave is DENIED.  The Court will issue a separate Order consistent with this Memorandum.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

15